## Commonwealth v. Cummins.

(Decided November 17, 1910.)

### Appeal from Caldwell Circuit Court.

Intoxicating Liquors—Delivery by Carrier in Local Option Territory to Licensed Druggist.—Under section 2569a, Ky. St., making it "unlawful to carry spirituous liquors into local option territory, providing that this act shall not apply to licensed physicians or druggists, to whom any public carrier may deliver such goods in unbroken packages in quantity not to exceed five gallons at one time," it is not a violation of the law for a carrier to deliver to a bonafide licensed druggist, in a local option town. five gallons of liquor at one time—two gallons of brandy and three gallons of whiskey, in the original packages as shipped from the distillery.

JAMES BREATHITT, Attorney General, TOM B. McGREGOR, Asst. Attorney General, and JOHN GRAYOT for Commonwealth.

(No brief for appellee.)

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Affirming.

The appellee, Will Cummins, was indicted by the grand jury of Caldwell county, charged with the offense of transporting intoxicating liquors into a territory where the sale of same by retail is prohibited by law, in violation of section 2569a, Ky. Stats. By agreement of parties a jury was waived, and the case tried on the law and facts by the court. The court found the facts to be that the appellee, as a common carrier, did, within twelve months before the finding of the indictment, carry, for hire, and deliver spirituous liquors in unbroken packages in quantity not exceeding five gallons at any one time, from the freight depot of the Illinois

Central Railroad Company at Cedar Bluff, just outside of Princeton, Kentucky, to J. H. Settle, a bona fide, licensed druggist, at his drug store in Princeton, Kentucky, and that the local option law was then and there in force and applied to licensed druggists; and thereupon dismissed the indictment, from which judgment the Commonwealth appeals.

It seems to us this judgment is correct. Section 2569a, Ky. Stats., contains the following proviso: "The provisions of this act shall not apply to licensed physicians or druggists to whom any public carrier may deliver such goods, in unbroken packages, in quantity not to exceed five gallons at any one time." The evidence fully established the finding of the trial court, that there were only five gallons of the liquor delivered at one time —two gallons of brandy and three gallons of whisky. They were in the original packages as shipped from the distillery, and the case seems to fall directly within the proviso of the statute above quoted.

We think it immaterial that there were two kinds of liquor, one whisky and the other brandy. If the liquor is in the original packages, it is immaterial how many packages there may be, provided the whole does not exceed five gallons.

Judgment affirmed.